IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIKE GUERRA,

    Plaintiff,

   v.                                                                  No. CIV 12-0062 JP/GBW

DON DOUGLAS, L.C.C.F. MEDICAL
DIRECTOR, JANE/JOHN DOES 1-4,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaints (Docs 1, 5). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. For reasons set out below, Plaintiff will be given an opportunity to amend his complaint.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff suffers from chronic migraine headaches and degenerative disc disease.  In late 2011, Defendants ceased administering certain narcotic pain medications for all inmates at Plaintiff's facility.  Plaintiff asserts that the medication had prevented his migraines, in addition to providing pain relief, and his dosage had been increased in 2008.  Plaintiff contends that the categorical denial of these medications violates his rights under the Eighth Amendment and the Americans With Disabilities Act, and constitutes negligence under state law.  In his amended complaint, Plaintiff states that he "was finally given his medication."  He then describes a series of subsequent instances of denial of medication.  For relief, the complaint seeks equitable relief and damages.

In his original complaint, Plaintiff names four Doe Defendants, but he makes no factual allegations against them.  In the amended complaint, he names a number of officers and medical staff.  He does not, however, identify any of these individuals as

Defendants, and the Court will not speculate on this matter. *See Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) ("the court should not assume the role of advocate"). The Court will allow Plaintiff to specifically identify named Defendants other than Defendant Douglas. Failure to identify Defendants may result in dismissal of claims against them.

    IT IS THEREFORE ORDERED that, within fourteen days from entry of this Order, Plaintiff may file a response, or a second amended complaint, specifically identifying named Defendants against whom he asserts his claims; service of process will commence only upon further order of the Court.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE