IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIKE GUERRA,

    Plaintiff,

v.                                No. CIV 12-0062 JP/GBW

DON DOUGLAS, LCCF, MEDICAL
DIRECTOR, DOCTOR BARRY BEAVEN (MD),
PHYSICIAN ASSISTANT HARMON, NURSE
JEMENEZ and NURSE HUSTON (named
as JANE/JOHN DOES in initial complaint),

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's second amended complaint (Doc. 10). "[T]he amended complaint supersedes the original," *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 733 (10th Cir. 2005) (same), and thus the second amended complaint is referred to hereafter as the "complaint." For reasons set out below, certain of Plaintiff's claims will be dismissed.

As discussed in the Court's earlier order, the complaint alleges that Plaintiff suffers from chronic migraine headaches and degenerative disc disease. In late 2011, Defendants ceased administering certain narcotic pain medications for all inmates at Plaintiff's facility. Plaintiff asserts that one such medication had prevented his migraines and provided pain relief, and his dosage had been increased in 2008. He alleges that the denial of the medication causes him severe pain and suffering, and that he "was finally given his medication." He then describes a series of subsequent instances of denial of medication. He asserts that Defendants' actions have violated his rights under the Eighth Amendment and the Americans With Disabilities Act, and constitute "medical negligence (callous indifference)." For relief, the complaint seeks equitable relief and damages.

Of the five Defendants listed in the caption, no factual allegations are made against Defendant Douglas affirmatively linking him to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.*

In the complaint's text, Plaintiff asks that Warden Janecka be added as a Defendant, although the only factual allegation against him is that he ignored Plaintiff's letter asking for intervention. This attempt to obtain post-deprivation assistance does not amount to a plausible allegation that Janecka "participated in conduct which caused the constitutional deprivation." *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990); *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007); *and see Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). The Court will dismiss Plaintiff's claims against Defendant Douglas, and James Janecka will not be added to the docket as a Defendant.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Douglas are DISMISSED, Defendant Douglas and the Doe Defendants are DISMISSED as parties to this action, and the Clerk is directed not to add James Janecka as a Defendant;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the second amended complaint (Doc. 10), for Defendants Beaven, Harmon, Jemenez, and Huston.

*[signature: James A. Parker]*
_____
SENIOR UNITED STATES DISTRICT JUDGE