IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIKE GUERRA,

    Plaintiff,

v.                                                      No. CIV 12-0062 JAP/GBW

BARRY BEAVEN, MD, FNU HARMON,
FNU HUSTON, and FNU JEMENEZ

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Defendants' Motion to Dismiss or for Summary Judgment, *doc. 27*. I find that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act and therefore recommend granting Defendant's motion and dismissing the case without prejudice.

**I.**     <u>**Background**</u>

Plaintiff, an inmate at the Lea County Correctional Facility (LCCF) proceeding *pro se*, "has suffered from chronic cluster migraine headaches and degenerative disc disease (chronic) for more than twenty (20) years." *Doc. 1*. at 2, 6. In 2008, he was prescribed pain medications by a specialist to treat these conditions. *Id*. In mid-October 2012, LCCF officials allegedly "began an arbitrary reduction (to non-existence) in pain medication (narcotics) for all inmates – without consideration for conditions or

1

continued need or alternatives." *Id*. at 2. Despite Plaintiff's repeated requests, LCCF officials refused to provide his medication. *Id*.

Plaintiff filed an informal grievance, a formal grievance, and an appeal regarding the denial of medication pursuant to LCCF's grievance procedure. *Doc. 28*, ex. 1-A. When the appeal was denied, Plaintiff filed this case on January 19, 2012. *Doc. 1*. As defendants, he named Don Douglas, the medical director at LCCF, and Jane/John Does 1-4. *Id*. at 1-2. Plaintiff brought claims under the Eighth Amendment, the Americans with Disabilities Act, and state tort law. *Id*. at 3-4.

On March 28, 2012, Plaintiff filed a motion for leave to amend the complaint, *doc. 5*, which this Court granted, *doc. 7*. The Court construed the Amended Complaint to add (1) Dr. Barry Beaven as a defendant; (2) a Fourteenth Amendment claim against all Defendants; (3) and a state law tort claim of negligent supervision by Defendant Douglas. *Doc. 7* at 4. The Amended Complaint also adds allegations regarding an attack on Plaintiff by another inmate on March 4, 2012. *Doc. 5* at 1. Plaintiff stated that even though the attack had aggravated his headaches and lower back pain, LCCF officials refused to give him pain medication. *Id*. at 2. Plaintiff was not provided with medication until March 21, 2012, after he filed an informal complaint regarding the denial of medication on March 13, 2012. *Id*. at 3.

On June 18, 2012, this Court ordered Plaintiff to identify the John and Jane Doe defendants named in his Complaint. *Doc. 8*. In response, Plaintiff filed his Second

Amended Complaint which named Dr. Barry Beaven, Physician Assistant (P.A.) Harmon, Nurse Huston, and Nurse Jemenez as defendants. *Doc. 10*. Defendant Beaven began working at LCCF in January 2012, after Dr. Jose Andrade retired. *Id*. at 4. When Plaintiff saw Defendant Beaven for the first time on January 15, 2012 and requested pain medication, Defendant Beaven allegedly refused to provide it. *Id*. at 5. P.A. Harmon also declined to provide medication. *Id*. at 11.

Nurse Huston documented Plaintiff's injuries after his fight with the other inmate on March 4, 2012. *Id*. at 8. Plaintiff accuses Defendant Huston of refusing to provide pain medication and lying about the extent of Plaintiff's injuries in her medical report. *Id*. at 8.

Nurse Jemenez received Plaintiff's request for medical assistance on March 16, 2012. *Id*. at 10. She allegedly told Plaintiff that she did not believe that he was in pain and sent a security officer to spy on Plaintiff to determine whether he was truly in pain. *Id*. When the officer reported that Plaintiff did not appear to be in pain, she refused to provide medication. *Id*.

On July 25, 2012, the Court dismissed Plaintiff's claims against Defendant Douglas because of Plaintiff's failure to link him to the alleged violations. *Doc. 11* at 2. It also dismissed the Doe Defendants as parties to this action, leaving only Dr. Beaven, P.A. Harmon, Nurse Huston, and Nurse Jemenez as defendants. *Id*.

Defendants filed the instant motion on September 17, 2012. *Doc. 27*. They argue that Plaintiff (1) has failed to state a claim under § 1983 because the conduct he describes does not amount to deliberate indifference, and (2) has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *Id*.

II. **Standard of review**

Under Federal Rule of Civil Procedure 56(a), this Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant meets this burden, Rule 56(c) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993).

"An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citation omitted). "A party

4

asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A).

When reviewing a motion for summary judgment, the court should keep in mind three principles. First, the court's role is not to weigh the evidence, but to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial. *See Liberty Lobby*, 477 U.S. at 249. Second, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party. *See Hunt v. Cromartie*, 526 U.S. 541, 550–55 (1999). Third, the court cannot decide any issues of credibility. *See Liberty Lobby*, 477 U.S. at 255. "[T]o survive the . . . motion, [the nonmovant] need only present evidence from which a jury might return a verdict in his favor." *Id*. at 257.

### III.  Analysis

Section 1997e(a) of the PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that this provision requires "proper exhaustion" – that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in

federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  Prisoners must exhaust all available remedies even if those remedies "appear to be futile at providing the kind of remedy sought."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Here, Plaintiff has failed to exhaust administrative remedies for the violations alleged in his complaint.  The New Mexico Corrections Department grievance procedure consists of three steps.  First, an inmate must file an Inmate Informal Complaint within five days of the incident giving rise to the complaint.  *Doc. 28*, ex. 1 ¶ 5 & ex. 1-B at 20.  Second, if the inmate is dissatisfied with the resolution of the informal grievance,[1] the inmate may file a formal Inmate Grievance.  *Id*.  The Warden must review and make a decision on the grievance within 15 working days of receipt.  *Id.*, ex. 1 ¶ 5 & ex. 1-B at 23.  Third, if an inmate is dissatisfied with the Warden's decision, he may appeal it to the Office of the Secretary of Corrections within seven days of receipt of the Warden's decision.  *Id*.  Only after completing all three steps has an inmate exhausted administrative remedies.

The pleadings reference three informal grievances filed by Plaintiff.  The first was filed on October 23, 2011 against "LCCF Doctor," and alleged that the "LCCF Doctor is refusing me medical care deliberately."  *Id*., ex. 1-A at 8.  Apparently dissatisfied with its resolution, Plaintiff followed up with a formal grievance on November 3, 2011.  *Id*. at

---

[1] As noted, under the facility's terminology, the first step in the grievance process is called a "complaint" and the second step is called a "grievance."  However, to distinguish the facility's procedures from the Complaint before this Court, the undersigned will refer to the first step as an "informal grievance" and the second step as a "formal grievance" hereinafter.

6. Again dissatisfied with the resolution, on November 16, 2011, Plaintiff appealed the Warden's decision, accusing the grievance officer of only "half-reading" his grievance. *Id*. at 7. On March 23, 2012, the Office of the Secretary of Corrections issued its decision denying Plaintiff's appeal, finding that LCCF "is providing and will continue to provide appropriate health care for your condition." *Id*. at 5.

Plaintiff filed the second informal grievance on February 15, 2012. *Doc. 5*, ex. F. That complaint was filed against Mr. Douglas, the LCCF medical director, and accused Defendant Beaven of refusing to treat Plaintiff. *Id*. That informal grievance was marked "unresolved" on February 23, 2012, *id.*, but there is no evidence in the record that Plaintiff followed up with a formal grievance on this issue. *See doc. 28*, ex.1 ¶ 6.

Plaintiff states that he filed a third informal grievance on March 13, 2012, and as a result received pain medication on March 21, 2012. *Doc. 5* at 3. There is no indication that he followed up with a formal grievance on this issue. *See doc. 28*, ex.1 ¶ 6.

Because Plaintiff failed to proceed with the grievance process for the second and third issues, they remain unexhausted. Although an inmate can be excused from exhaustion if he is prevented by prison officials from accessing the prison administrative process, *see Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011), Plaintiff does not allege that he was in any way impeded from filing formal grievances and appeals. Therefore, only the claims contained in Plaintiff's first grievance process are eligible for judicial review.

7

Those claims, however, are unrelated to the claims remaining in this case, and, therefore, cannot qualify as exhaustion. The first grievance relates to misconduct that allegedly occurred in October 2011. *Doc. 28*, ex. 1-A at 8. In contrast, the claims in this case date, at the earliest, to January 2012, when Defendant Beaven began working at LCCF. *Doc. 10* at 4. Although Plaintiff's original complaint against Don Douglas and John/Jane Does 1-4 refers to a facility-wide reduction in pain medication beginning in October 2011, *doc. 1* at 2, 6, this Court dismissed Plaintiff's claims against Mr. Douglas and the Doe Defendants. *Doc. 11*. Plaintiff's allegations against the remaining defendants – Dr. Beaven, Nurse Jemenez, Nurse Huston, and P.A. Harmon – relate only to events occurring in January, February, and March 2012. *See generally doc. 10*.

It is also unavailing that the first complaint alleges misconduct similar to that involved in the claims in this case. "A grievance . . . cannot exhaust administrative remedies for claims based on events that have not yet occurred. Nor does a grievance exhaust administrative remedies for all future complaints of the same general type." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188 (10th Cir. 2004), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Thus, Plaintiff's first grievance process did not exhaust remedies for his remaining claims before the Court which are therefore barred by § 1997e(a) of the PLRA.

Of the four Defendants remaining in this case, only two have been served – Dr. Beaven and Nurse Huston. Although this Court issued Notice and Waiver of Service

forms to Nurse Jemenez and P.A. Harmon, *see doc. 11*, neither has responded.  Plaintiff is an inmate proceeding *in forma pauperis*.  As such, the action is subject to 28 U.S.C. § 1915 and 42 U.S.C. § 1997e.  Both § 1915 and § 1997e require that the court dismiss an action *sua sponte* if the court determines that it fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1).  As discussed above, Plaintiff has failed to exhaust administrative remedies for his claims against all Defendants, including Nurse Jemenez and P.A. Harmon, and therefore fails to state a claim upon which this Court could grant relief.  *See Laubach v. Scibana*, 2008 WL 281545, at *12-*13 (W.D. Okla. Jan. 31, 2008), *affirmed by Laubach v. Scibana*, 301 F. App'x 832 (10th Cir. 2008) (dismissing claims against unserved and unresponsive defendants when inmate plaintiff failed to exhaust administrative remedies); *Fox v. Smith*, 2011 WL 5179952, at *7-*8 (W.D. Mich. Oct. 4, 2011) (collecting cases).  Therefore, I recommend dismissing Plaintiff's claims against both the served and unserved Defendants.

## IV.    Conclusion

Because Plaintiff has failed to exhaust administrative remedies for the remaining claims alleged in his Complaint, I recommend granting Defendants' Motion for Summary Judgment, *doc. 27*, and dismissing this case without prejudice as to all Defendants.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**