IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIKE GUERRA,

    Plaintiff,

v.                                                                              No. CIV 12-0062 JAP/GBW

BARRY BEAVEN, MD, FNU HARMON,
FNU HUSTON, and FNU JEMENEZ

    Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

On November 26, 2012, Plaintiff filed his RESPONSE OR OBJECTIONS TO THIS COURTS ORDER (Doc. No. 33). The Court will treat Plaintiff's filing as Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD)]. In his PFRD, the Magistrate Judge recommended granting Defendants' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT BY DEFENDANTS BARRY BEAVEN, MD AND ANGELA HOUSTON, LPN, (Doc. No. 27), and dismissing Plaintiff's claims for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act. (Doc. No. 32). This Court agrees and overrules Plaintiff's Objections and adopts the Magistrate Judge's PFRD.

**I.**    **BACKGROUND**

Plaintiff is an inmate at the Lea County Correctional Facility (LCCF) proceeding *pro se*. His claims arise out of Defendants' alleged interference with his access to the pain medications used to treat his chronic migraine headaches and degenerative disc disease. *Doc. 1*. The interference began in mid-October 2011 when LCCF officials allegedly first refused to provide Plaintiff his medication. *Id*. at 2. In response, Plaintiff filed an informal grievance, a formal grievance, and an appeal in accordance with LCCF's grievance procedures. *Doc. 28*, ex. 1-A. When the appeal was denied, Plaintiff filed this action. *See doc. 1*.

Plaintiff's complaint names as Defendants LCCF Medical Director Don Douglas, Doctor Barry Beaven, Physician Assistant (P.A.) Harmon, Nurse Jemenez, and Nurse Huston. *Doc. 10*. Plaintiff brought claims under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act, and state tort law. *Doc. 1* at 3-4; *Doc. 7* at 4. He alleges that Defendants Beaven, Harmon, Jemenez, and Huston refused to provide him with his pain medications throughout January, February, and March 2012. *Id*. at 5-11. Defendant Douglas allegedly knew that Plaintiff was being denied medication during early 2012 but failed to intervene. *Doc. 5* at 5. This Court dismissed Plaintiff's claims against Defendant Douglas on July 25, 2012 because of Plaintiff's failure to link him to the alleged violations. *Doc. 11* at 2.

2

On November 2, 2012, the Magistrate Judge issued his PFRD recommending that the case be dismissed due to Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA).  *Doc. 32*.  Although only Defendants Beaven and Huston have been served, the Magistrate Judge found that the Court is required by 28 U.S.C. § 1915 and 42 U.S.C. § 1997e to dismiss the claims against all four Defendants for failure to state a claim upon which the Court could grant relief.  *Id*. at 8-9.

After Plaintiff filed his Objections to the Magistrate Judge's PFRD on November 26, 2012, Defendants filed their RESPONSE OF DEFENDANTS BARRY BEAVEN, MD AND ANGELA HOUSTON, LPN TO PLAINTIFF'S RESPONSE OR OBJECTIONS TO THIS COURT'S ORDER/RECOMMENDATIONS AND DISPOSITION DOCUMENT 32, FILED 11/2/2012 on November 30, 2012.  *Doc. 34*.

II.     **STANDARD OF REVIEW**

After a party objects to the magistrate judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made."  28 U.S.C. § 636(b).  Objections must be made with specificity; general or conclusory objections are insufficient.  *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

III. **ANALYSIS**

Construing Plaintiff's Objections liberally, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), the Court finds that Plaintiff makes four objections to the Magistrate Judge's PFRD.[1]  He argues that (1) he is unable to properly present his claims without counsel; (2) he never received Defendants' motion to dismiss and should therefore be given an opportunity to respond to it; (3) he has exhausted his claims against LCCF Medical Director Don Douglas and former LCCF Doctor Jose Andrade; and (4) the PLRA's exhaustion requirement is unconstitutional.  The Court finds that all four objections lack merit and overrules them.

First, Plaintiff renews his argument that he is unable to effectively argue his case without the assistance of counsel.  *Doc. 33* at 1-3.  This Court considered and rejected that argument when it overruled Plaintiff's objections to the Magistrate Judge's order denying Plaintiff's motion for appointment of counsel.  *Doc. 30*.  The issue has therefore been decided and Plaintiff cannot raise that same objection again.

Second, Plaintiff argues that he never received Defendants' Motion to Dismiss, *doc. 27*, and he became aware of that motion only upon receipt of the Magistrate Judge's PFRD.  *Doc. 33* at 2.  He asks that this Court "compel Defendants to mail a copy of said

---

[1] Defendants' response to Plaintiff's Objections argues that Plaintiff waived his right to object by filing his Objections late.  *Doc. 34*.  Plaintiff's Objections are dated November 20, 2012, one day after the fourteen-day objection period provided by 28 U.S.C. § 636(b).  In the interests of justice, the Court will consider the Objections.  *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[T]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.").

motion" to Plaintiff so that Plaintiff can "review it and respond accordingly." *Id*. Even if this allegation is true,[2] it does not establish a reason to reject the PFRD. The PFRD lays out in detail the basis upon which the Magistrate Judge recommends dismissal. It includes all facts, law and analysis relevant to the recommendation the Court now reviews. Unquestionably Plaintiff received and reviewed the PFRD. To the extent that the Defendants' Motion to Dismiss includes facts, law, or argument not included in the PFRD, they are irrelevant at this point because they are not the basis for the recommendations in the PFRD. Therefore, because Petitioner has had the opportunity to review the PFRD and file objections to it,[3] the claim that he did not receive the Defendants' Motion to Dismiss is insufficient to delay a ruling on the PFRD.

Third, Plaintiff argues in substantive objections that he properly exhausted administrative remedies because he filed an informal grievance, formal grievance, and appeal regarding his October 23, 2011 complaint against the "LCCF doctor." *Doc. 33* at 4-6. Plaintiff is correct that he exhausted his administrative remedies as to that specific claim, which relates only to misconduct that allegedly occurred in October 2011. As the Magistrate Judge explained, Plaintiff's allegations against Defendants in this case relate

---

[2] Plaintiff offers no evidence other than his own unsworn statement to support his contention that he never received the motion. Defendants filed certificates of service indicating that they mailed the motion to dismiss and the brief in support of that motion to Plaintiff's LCCF address. *Doc. 27* at 3; *Doc. 28* at 9. Plaintiff has received all other mail sent to that address. *See, e.g., docs. 17, 25*. Conclusory claims that a party did not receive a document mailed to him or her are insufficient to justify permitting a late response by the party. *See Brown v. Beck*, 203 F. App'x 907, 910-11 & n.4 (10th Cir. 2006) (affirming district court's dismissal of action when plaintiff inmate failed to respond to order to show cause, despite arguing that he never received the order).

[3] In fact, Plaintiff has filed substantive objections which this Court has considered.

to events occurring in January, February, and March 2012. These later claims were not exhausted by the October 2011 grievance. *Doc. 32* at 8. With respect to the events occurring in 2012, Plaintiff does not contend that he filed anything more than informal grievances which would not constitute exhaustion. Thus, Plaintiff's objection to the Magistrate Judge's conclusion that he failed to exhaust administrative remedies against Defendants fails. Nevertheless, Plaintiff asserts that he has properly exhausted claims against former LCCF Doctor Jose Andrade and LCCF Medical Director Don Douglas rather than Dr. Beaven. *Doc. 33* at 4. He argues that Dr. Andrade and Mr. Douglas were responsible for denying him pain medication in October 2011 and that his October 23, 2011 grievance, for which he completed the full grievance process, exhausts those claims. *Id*. This objection fails because neither Mr. Douglas nor Dr. Andrade is a defendant in this action. Although Plaintiff initially brought claims against Mr. Douglas, *see doc. 1*, the Court dismissed Mr. Douglas as a defendant on July 25, 2012. *Doc. 11*. Plaintiff cannot re-argue his claims against Mr. Douglas in his Objections to the Magistrate Judge's PFRD. Plaintiff never named Dr. Andrade as a defendant and thus cannot bring claims against him in this case.

Plaintiff's fourth and final objection relates to the constitutionality of the PLRA's exhaustion requirement. He argues that "[i]n some cases it is essentially useless to exhaust all issues, especially as in this case of a medical nature. . . . The PLRA, at least in

6

reference to the mandate on exhaustion of all medical grievances should be deemed unconstitutional." *Doc. 33* at 7. The Supreme Court has repeatedly upheld the PLRA's exhaustion requirement, finding that it "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Jones v. Bock*, 549 U.S. 199 (2007) (applying the PLRA's exhaustion requirement to medical claims). This objection is therefore overruled.

IV. **CONCLUSION**

The Court OVERRULES Plaintiff's Objections to the Magistrate Judge's PFRD, *doc. 33*, ADOPTS the Magistrate Judge's PFRD, *doc. 32*, GRANTS Defendants' Motion to Dismiss, *doc. 27*, WILL DISMISS this action without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE